Argued and submitted March 15, affirmed May 19, 1999

Curtis M. HUNTER,
*Petitioner,*

*v.*

PORTLAND METROPOLITAN AREA
LOCAL BOUNDARY COMMISSION,
*Respondent,*

*and*

WEST LINN/WILSONVILLE SCHOOL
DISTRICT NO. 3JT
and City of West Linn,
*Intervenors.*

(3889, 3903; CA A102815)

981 P2d 1276

Jeffrey S. Seymour argued the cause and filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

James M. Coleman argued the cause and filed the brief for intervenor City of West Linn.

Peter R. Mersereau, Jason H. Eaton, and Mersereau & Shannon LLP filed the brief for intervenor West Linn/Wilsonville School District No. 3JT.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

Petitioner seeks judicial review of two orders of the Portland Metropolitan Area Local Government Boundary Commission (the commission) annexing property to the City of West Linn (the city) for the construction of a school. The orders became effective on June 14, 1998, and July 12, 1998, respectively. On May 19, 1998, the voters of the city approved two ballot measures amending the city charter to provide:

> "Unless mandated by state law, the City of West Linn shall not annex any territory, by delayed annexation or otherwise, without the approval of a majority vote among the City's electorate."

The ballot measures took effect on June 18, 1998. At issue in this case is the effect of the ballot measures on the two commission annexation orders.

Petitioner contends that the orders have been precluded by the initiative measures amending the city charter. According to petitioner, in light of the requirement in the charter amendments that annexations are subject to voter approval, the commission annexation orders—not having been approved by the voters—violate the home rule provisions of Article XI, section 2, of the Oregon Constitution.

The commission argues that the first of its two orders is unaffected by the charter amendments for the simple reason that the commission order became effective before the charter amendments did. We agree with the commission and reject petitioner's argument as to the validity of the first order without further discussion.

The commission argues that the second of its two orders also is unaffected by the charter amendment, but for a different reason. According to the commission, the charter amendments prohibit annexation without voter approval "[u]nless mandated by state law," and its orders have the effect of state law. Again, we agree with the commission.

In *Mid-County Future Alternatives v. City of Portland*, 310 Or 152, 163-64, 795 P2d 541 (1990), the Supreme Court held that the legislature has constitutional authority to annex property to cities, that it may choose to exercise that

power itself or to delegate that power, and that the creation of a local government boundary commission is a valid delegation of that power. The court acknowledged that "[t]here is room to argue" that the legislature does not have unlimited authority to alter a city's boundaries against the city's will. But it concluded that it was not necessary to address the limits of the legislative power in that regard, because the local government charters in that case expressly permitted annexation as permitted by state law. In a companion case, *Donaldson v. Lane County Local Govt. Bdry. Comm.*, 310 Or 168, 795 P2d 549 (1990), the court similarly held that, when a local government charter permitted boundary changes "in accordance with state law," there could be no claim that a boundary commission annexation order unconstitutionally interfered with local government prerogatives.

In this case, as in *Mid-County* and *Donaldson*, state legislation created a local government boundary commission and authorized it to annex property within its jurisdiction in accordance with statutorily prescribed procedures. ORS 199.460(1).[1] The property annexed is within the jurisdiction of the commission and was annexed in accordance with those statutory procedures. The charter amendments at issue expressly permit annexation as "mandated by state law." Thus, as in *Mid-County* and *Donaldson*, there is no conflict between state and local law.

At oral argument, petitioner argued that *Mid-County* and *Donaldson* are distinguishable, because the charters at issue in those cases permitted annexation "as *provided*" in state law, not—as in this case—"as *mandated*" by state law, and that nothing in state law *requires* the city to accept the commission's annexation order. We perceive no meaningful distinction between the two phrasings. But, assuming for the sake of argument that such a distinction is tenable, it is unavailing to petitioner. ORS 199.505(1) provides that the commission's annexation order obtains legal effect within 45 days after adoption, unless either written

---

[1] The commission was created in 1969. Or Laws 1969, ch 494, § 4. It was abolished as of January 1, 1999, after the annexation orders at issue in this case became effective. Or Laws 1997, ch 516, § 12. There is no contention that the subsequent abolition of the commission affects the validity of its two 1998 orders.

objections are received by a specified number of electors in the affected territory or the city council adopts a resolution objecting to the change. In this case, neither occurred. The opportunities to express objections to the commission's order having expired, the order became binding on the city as a matter of state law.

Affirmed.